## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| GP MBM, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )     **Case No.** |
| | ) |
| GOGLOW ENTERPRISES, LLC | ) |
| | ) |
| Defendant. | ) |

---

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff GP MBM, LLC ("GP MBM"), through its attorneys Dickinson Wright, PLLC, for its Complaint for Declaratory Judgment against Defendant goGLOW Enterprises LLC ("goGLOW"), alleges as follows:

## NATURE OF THE ACTION

1. GP MBM brings this claim for a declaratory judgment stating that, through the use of its federally registered **g⁺** ® trademark ("GP MBM's Mark," "Plaintiff's Mark," or the " **g⁺** ® mark), it: (a) does not infringe any of goGLOW's marks, whether under the Lanham Act or common law; (b) has not engaged in unfair competition, whether under the Lanham Act or the common law; (c) has not falsely designated the origin of anything under the Lanham Act; and (d) has not engaged in deceptive trade practices under any state's adoption of the Uniform Deceptive Trade Practice Act or other similar statute. Moreover, because goGLOW has requested that

a court cancel the registration of GP MBM's Mark, GP MBM requests a declaration that there is no basis for cancellation of GP MBM's Mark.

2.     GP MBM's Mark is used solely in conjunction with GP MBM's business of administering a membership program, named GlowPass, where members receive discounts on a variety of health and beauty services offered strictly by GP MBM-affiliated entities. It has nothing to do with anything that goGLOW is doing.

3.     This case is brought to end goGLOW's unjustified and over-reaching attempt to exclude others from using the letter "g" in the health and beauty space. The letter "g," whether stylized or otherwise, is commonly used for various products and services both in beauty-related fields and elsewhere.

4.     goGLOW is a four-store, regional operation, running three spray-tanning facilities in the Minneapolis, Minnesota metropolitan area and one in Chicago, Illinois. goGLOW apparently also sells via the internet spray-tan related products labeled with a version of the design that includes the words "go" and "glow." According to its accusations, goGLOW claims that GP MBM's trademark somehow infringes marks goGLOW claims to use in its limited market, despite the fact that GP MBM does not sell spray-tan products or services and does not work in the traditional tanning industry.

5.    Notably, while this case appears to revolve around GP MBM's use of a stylized letter "g" in its ® Mark, goGLOW cannot even establish its use in commerce, and therefore trademark rights, in the letter "g" alone. Rather, goGLOW appears to have always used the stylized letter "g" in conjunction with other design elements within its marks, namely the ®mark and the ® mark (the "goGLOW Marks"), in connection with tanning services and spray-tanning products. The goGLOW Marks include additional features that must be associated with each of the goGLOW Marks. In particular, these additional features include the starburst lines of the ® mark and the full company name, "go" and "glow," in the ® mark. Inclusion of these additional features in the goGLOW marks prevents any possibility of confusion. Further, GP MBM's ® Mark includes a separated-star design element that is not present in either of the goGLOW Marks.

6.    goGLOW's recent actions have actually acknowledged the lack of similarity between the goGLOW Marks and GP MBM's Mark and the weakness of its trademark infringement claim. After deciding to pick this fight with GP MBM, goGLOW contrived a new purported mark it has never used, , and sought a *post*

*hoc* registration, by filing a federal application for this mark on August 15, 2023, in a
fools-errand attempt to gin up a terrible infringement claim.

## PARTIES

7.      GP MBM is an Arizona limited liability company with its principal place
of business in Colorado, within this judicial district. GP MBM administers a
membership program, GlowPass, where members receive discounts on a variety of
health and beauty services that are provided exclusively by studios that participate
in the GlowPass program. These studios are limited to the Drybar®, Elements
Massage®, Amazing Lash Studio® and Radiant Waxing® franchise studios that
participate in the program. Moreover, the studios participating in the program
operate solely in the Cherry Creek neighborhood of Denver, Colorado, and the North
Scottsdale neighborhood of Scottsdale, Arizona. None of the Drybar®, Elements
Massage®, Amazing Lash Studio® or Radiant Waxing® franchise studios anywhere
provides tanning services or sells spray-tanning products.

8.      Upon information and belief, defendant goGLOW is a Minnesota limited
liability company with its principle place of business in Edina, Minnesota. Upon
further information and belief, goGLOW provides spray-tanning salon services and
related skin-care preparations through stores solely located in and around
Minneapolis, Minnesota and a store in Chicago, Illinois. Upon further information
and belief, goGLOW sells spray-tanning related skin-care preparations through its
website located at shop.goglow.co.

## JURISDICTION AND VENUE

9.      This is an action arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the Declaratory Judgment Act 28 U.S.C. §§ 2201 and 2202.

10.     This Court has jurisdiction over this matter pursuant to 15 U.S.C. §§ 1114 and 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) in that it involves an action arising under the Lanham Act.

11.     Defendant is subject to personal jurisdiction in Colorado pursuant to Colorado's Long Arm Statute because it has taken legal action against GP MBM, which is located in this judicial district, and because it has, upon information and belief, offered for sale, advertised, promoted, and, upon information and belief, sold its spray-tan products and skin-care preparations via the internet to consumers in this judicial district through its fully operational e-commerce website located at shop.goglow.co.

12.     Venue in the District of Colorado is proper pursuant to 28 U.S.C. § 1391 because Defendant's conduct forming the basis for this declaratory judgment action occurred within, and caused harm in, this District. Namely, at all relevant times, Defendant directed its conduct relating to its threats of litigation to GP MBM, which is located within this District.

## FACTS

### A.    GP MBM and The GlowPass

13.     GP MBM is an affiliate of WellBiz Brands, Inc. ("WellBiz").

14.     Drybar®, Elements Massage®, Radiant Waxing®, and Amazing Lash Studio® (the "Brands") are well-known franchised beauty and wellness brands, with

each brand being managed by WellBiz through a management services agreement between WellBiz and the franchisor entity for each brand. Each of these Brands operates as a franchise model and, except for one Elements Massage® studio in Denver, Colorado, all individual locations operate as independent franchises owned and operated by franchisees.

15.     GP MBM is an affiliate of WellBiz and exclusively offers the GlowPass membership, which is a monthly membership-style subscription service that provides users with discounted services at affiliated Brands' locations solely located in two markets: Denver, Colorado, and Scottsdale, Arizona.

16.     The GlowPass membership program provides members the following services as part of a monthly membership:

  a.     Four blowouts per month at the Drybar® studio located in Denver, CO or the Drybar® studio located in Scottsdale, AZ;

  b.     Two one-hour massages per month at the Elements Massage® studio located in Denver, CO or the Elements Massage® studio located in Scottsdale, AZ;

  c.     Unlimited full-sets, refills and lash lifts at the Amazing Lash Studio® studio located in Denver ,CO or the Amazing Lash Studio® studio located in Scottsdale, AZ; and

  d.     One waxing service per month at the Radiant Waxing® studio located in Denver, CO or the Radiant Waxing® studio located in Scottsdale, AZ.

**B.     The Parties' Trademarks**

17.     GP MBM started using its **g·** ® trademark in commerce on January 17, 2022, and through its continuous use has acquired common law rights in it. On December 23, 2021, GP MBM filed an application to obtain a federal registration for the **g·** ® Mark, which registered on June 13, 2023 with the registration number 7,082,103.The registration has the following service description:

> Administering a multi-brand discount membership program for enabling participants to receive discounts on the cost of health, beauty and personal services through use of a membership card; Providing discounts on the cost of health, beauty, and personal services by means of a monthly multi-brand discount membership program for participants through the use of a membership card; Administering a multi-brand discount membership program for enabling participants to receive discounts on the cost of health, beauty and personal services, namely, massages, lashes and lash extension products and services, hair care and styling products and services, and waxing products and services through the use of a membership card; Administering a discount program for program members to receive discounts on the cost of goods and services of participating health, beauty and personal service brands through use of a discount membership card.

A copy of the trademark registration for the **g·** ® Mark is attached as Exhibit A.

18.    Defendant uses its trademarks in a different line of business. Defendant
registered the goGLOW Marks on the following dates and in connection with the
following goods and services:

| TRADEMARK REG. NO. | REG. DATE | INT'L CLASS AND SERVICE DESCRIPTION |
|---|---|---|
| Reg. No. 5,278,191 | Aug. 29, 2017 | 3: Skin gels for accelerating, enhancing or extending tans<br><br>44: Spray tanning |
| Reg. No. 5,278,192 | Aug. 29, 2017 | 3: Skin gels for accelerating, enhancing or extending tans<br><br>44: Spray tanning |

Copies of the Certificates of Registration for the above-identified goGLOW Marks are
attached hereto as Exhibits B and C, respectively.

19.    In August 2023, after Defendant decided to threaten GP MBM with a
lawsuit, Defendant submitted a trademark application seeking to register a different
mark to the United States Patent and Trademark Office ("USPTO"); a stylized "g"
that Defendant has not, based on GP MBM's investigation and belief, used alone in
commerce. Rather, the "g" has only been used as part of Defendant's other marks (i.e.
within the starburst lines of the ⬤ mark and within "go" in the ⬤ mark).
In particular, on August 15, 2023, eleven days after receiving a response to a cease
and desist letter from GP MBM, Defendant submitted its application for federal

trademark registration of the design ![g]. The application was assigned serial

number 98/134,366 (the "'366 Application"). The registration has not, to date, been

published for opposition.

**C.    The Parties' Justiciable Dispute.**

20.    On July 10, 2023, goGLOW sent GP MBM a cease and desist letter (the

"Cease and Desist Letter") alleging that GlowPass' use of GP MBM's Mark infringed

the goGLOW Marks. goGLOW demanded that GlowPass cease using GP MBM's

Mark based on the paper-thin conclusion that the ![g+]® Mark infringed upon the

goGLOW Marks because:

a.    both marks utilize a stylized letter "g" (although only the ![g+]®

Mark does so without an accompanying design or additional letters and words);

and

b.    both marks are used in connection with the broad field of

personal-beauty services.

21.    GP MBM responded to the Cease and Desist Letter on August 4, 2023

(the "Response Letter"), explaining that GP MBM does not infringe the goGLOW

Marks because:

a.    The services offered by the parties are different. In particular, the

® Mark is not used in conjunction with tanning services, but rather with

a membership program that offers hair blowouts, lash extension, waxing, and

massage services exclusively at a few select franchise studios that participate

in the GlowPass membership program.

b.    The marks are different. Namely, goGLOW's mark

includes a circular burst of lines that Plaintiff's Mark does not and Plaintiff's

Mark ®, includes a star that that goGLOW's and marks

do not use.

c.    goGLOW's and marks are weak. There are, at

least, ten federally registered trademarks that cover personal beauty services

that use a nearly identical "g" to the one used within the goGLOW Marks.

Moreover, there are, at least, ten common-law uses for marks for a variety of

services, including tanning, that consist of or incorporate the letter "g" in the

same or nearly identical font as the stylized "g" used in the goGLOW Marks,

further evidencing how crowded the marketplace is with similar marks in the

same or related fields. This means the goGLOW Marks are weak and,

therefore, deserve a narrow scope of protection.

22.    In addition to the points raised in that letter, there is no likelihood of
confusion here because there has been absolutely no actual confusion between the
**g** ® Mark and the goGLOW Marks, the degree of care exercised by consumers in
discerning between the products offered with the marks is such that consumers are
unlikely to be confused by the two different marks, and GP MBM's adoption of the
**g** ® Mark was based on a desire to create a strong, standalone mark that was
ownable, felt premium, and had some hidden story. The  semi-abstract lowercase serif
"g" was chosen as the serif font often represents formal and premium. Additionally,
lowercase is often seen as being more approachable and relatable, a sparkle in replace
of a dot shape in the upper right is used to represent "glow," and an abstract ponytail
is used as the lower portion, which is relevant given the services available to
members.

23.    All of these points demonstrate that the features of the goGLOW Marks
that goGLOW has raised are commonly and widely used in the marketplace,
including for tanning services. Additionally, consumers have learned to differentiate
between marks with minor distinctions between them, and the **g** ® Mark and the
goGLOW Marks can therefore co-exist in the marketplace.

24.    Notably, the USPTO granted a registration for Plaintiff's Mark without
citing the goGLOW Mark—something that weighs heavily against an allegation that

there is any potential likelihood of confusion between the marks—and goGLOW *did*

*not oppose* the registration of GP MBM's , $g^+$ ® trademark.

25.    Ignoring the facts supporting the lack of any potential confusion, goGLOW charged ahead and filed a complaint in the District of Minnesota where GP MBM is not present and has no ties. So, as a result of that improperly venued filing, there can be no question that there is a justiciable controversy for which a declaratory judgment would be proper determining that the $g^+$ ® Mark does not infringe any of the goGLOW Marks. GP MBM has since filed its motion to dismiss that Complaint for lack of personal jurisdiction and anticipates its motion will properly be granted.

26.    GP MBM cannot continue to tolerate goGLOW's unjustified attempt to co-opt any stylized "g" for use in the broad category of personal-beauty for itself. goGLOW's baseless Cease and Desist Letter and improperly venued Minnesota complaint provide ample basis for this declaratory judgment action to proceed.

## CLAIM FOR RELIEF

### COUNT I
### Declaratory Judgment
### (Non-infringement Under the Lanham Act or Common Law)

27.    GP MBM incorporates the allegations above as if set forth fully herein.

28.    GP MBM's continued use of Plaintiff's Mark is not likely to cause confusion, to cause mistake, or to deceive as to affiliation, connection, or association

of goGLOW with GP MBM and is not likely to cause confusion as to the origin, sponsorship, or approval of GP MBM's services by goGLOW.

29.    To the extent goGLOW is entitled to any protection in the goGLOW Marks, GP MBM is entitled to a declaratory judgment of its rights, namely that it is not in violation of goGLOW's rights, including without limitation any rights goGLOW may have under 15 U.S.C. §§ 1114 or 1125, at common law, or under any state's trademark or unfair competition laws.

30.    goGLOW's actions create a case of actual controversy within the jurisdiction of this Court as to the scope of the parties' rights. As a result of the foregoing, GP MBM is entitled to a declaratory judgment that its use of the g⁺ Mark to describe its loyalty program, where members receive discounts on a variety of health and beauty services, does not infringe the rights that goGLOW may have in the goGLOW Marks.

31.    GP MBM has no adequate remedy at law, thus justifying the issuance of a declaratory judgment in its favor.

### COUNT II
### Declaratory Judgment (No Unfair Competition or False Designation of Origin Pursuant to 15 U.S.C. § 1125(a))

32.    GP MBM incorporates the allegations above as if set forth fully herein.

33.    GP MBM's continued use of the g⁺ ® Mark is not confusingly similar to the goGLOW Marks, nor is the continued use of the mark likely to cause confusion

or mistake, or to deceive any consumer. Nor is GP MBM's use of the **g·** ® Mark deceptively leading any consumer to believe that GP MBM's GlowPass originates from, is affiliated with, or is approved by goGLOW.

34.    As a result, there has been no false designation of origin, misleading description, or false representation of fact made through GP MBM's use of the **g·** ® Mark.

35.    Based on the lack of any violations of the sort discussed above, there can be no intentional or willful conduct in violation of any law by GP MBM.

36.    Nonetheless, goGLOW's actions create a case of actual controversy within the jurisdiction of this Court as to the scope of the parties' rights. As a result of the foregoing, GP MBM is entitled to a declaratory judgment that its use of the GlowPass Mark to describe its loyalty program, where members receive discounts on a variety of health and beauty services, does not infringe the rights that goGLOW may have in the goGLOW Marks.

37.    GP MBM has no adequate remedy at law, thus, justifying the issuance of a declaratory judgment in its favor.

**COUNT III**
**Declaratory Judgment**
**(No Unfair Competition or Deceptive Trade Practice Act Violation)**

38.    GP MBM incorporates the allegations above as if set forth fully herein.

39.    For the same reasons supporting a declaration in GP MBM's favor under the Lanham Act unfair competition provisions discussed in Count II above, GP MBM's continued use of the **g⁺**® Mark does not constitute unfair competition or a violation of any state's adoption of the Uniform Deceptive Trade Practice Act or other similar statute.

40.    goGLOW's actions create a case of actual controversy within the jurisdiction of this Court as to the scope of the parties' rights on this issue. As a result of the foregoing, GP MBM is entitled to a declaratory judgment that its use of the **g⁺**® Mark to describe its loyalty program, where members receive discounts on a variety of health and beauty services, does not infringe the rights that goGLOW may have in the goGLOW Marks.

41.    GP MBM has no adequate remedy at law, thus, justifying the issuance of a declaratory judgment in its favor.

**COUNT IV**
**Declaratory Judgment**

**(No Basis for Cancellation of the g⁺® Mark)**

42.    GP MBM incorporates the allegations above as if set forth fully herein.

15

43.     Based on the foregoing, goGLOW has not and cannot present any proper basis for challenging the registration of the **g⁺**® Mark and cannot establish any basis for claiming infringement.

44.     As a result, there is no basis for claiming goGLOW has been damaged by GP MBM's use of the **g⁺**® Mark under 15 U.S.C. § 1064 and there is no proper basis for the Court to take any action under Section 37 of the Lanham Act, 15 U.S.C. § 1119, with regard to federal trademark registration number 7,082,103.

## **PRAYER FOR RELIEF**

WHEREFORE, GP MBM requests that judgment be entered in its favor:

A.     Declaring that GP MBM's use of the **g⁺**® Mark is lawful and:

1.  does not infringe upon any rights of goGLOW, under federal trademark law, common law, or state trademark or unfair competition law;

2.  does not constitute false designation or origin, unfair competition or a deceptive trade practice under the Lanham Act, common law, or any state's Deceptive Trade Practice Act; and

3.  does not provide a basis for cancellation of federal trademark registration number 7,082,103.

B.    Permanently enjoining goGLOW and its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them in challenging GP MBM's use of Plaintiff's Mark;

C.    Permanently enjoining goGLOW and its officers, agents servants, employees, and attorneys, and all persons in active concert or participation with any of them in challenging GP MBM's registration of Plaintiff's Mark;

D.    Finding this case to be exceptional pursuant to 15 U.S.C. § 1117(a);

E.    Awarding to GP MBM its reasonable attorneys' fees, expenses and costs in this action, pursuant to 15 U.S.C. § 1117(a) and 28 U.S.C. §1920; and

F.    Awarding such other and further relief as this Court deems just and equitable.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), GP MBM hereby demands trial by jury on all issues so triable.

Respectfully submitted,

**DICKINSON WRIGHT PLLC**

Dated:  December 29, 2023

By: *s/  Jeffrey H. Kass*
Jeffrey H. Kass, Attorney No. 44305
1626 Wazee St., Suite 200
Denver, CO 80202
Tel: (303) 723-8400
Fax: (844) 670-6009
Email:JKass@dickinson-wright.com


David S. Becker (pending admission *pro hoc vice*)
Dickinson Wright PLLC
55 West Monroe, Suite 1200
Chicago, Illinois 606063
dbecker@dickinsonwright.com
Telephone: (312) 377-7881
Fascimile: (844) 670-6009

**ATTORNEYS FOR PLAINTIFF
GP MBM, LLC**

4869-0100-3919 v9 [101592-6]